IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD P. LANE,

                Petitioner,                      ORDER

     v.                                          3:07-cv-00679-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

Ronald Lane, an inmate at the Waupun Correctional Institution, seeks release from custody resulting from his October 25, 2004 conviction in the Circuit Court for Vernon County for burglary, theft, criminal damage to property, attempted burglary and attempted theft. On December 3, 2007, he filed a petition for a writ of habeas corpus in which he raised the following challenges to the lawfulness of his conviction:

    1) the police stopped his vehicle unlawfully and then 2) arrested him without probable cause or reasonable suspicion to suspect that he had committed a crime, in violation of his Fourth Amendment rights;

    3) police unlawfully seized and then searched petitioner's vehicle, in violation of petitioner's Fourth Amendment rights;

4) petitioner's trial lawyer provided ineffective assistance of counsel when he failed to file a motion to suppress evidence derived from this illegal stop, detention, search and seizure;

1

5) petitioner's appellate lawyer was ineffective for filing a no merit report and for misstating facts in that report; and

6) the evidence adduced at trial was insufficient to sustain petitioner's convictions for attempted burglary and attempted theft.

On December 18, 2007, I reviewed the petition preliminarily in accordance with Rule 4 of the Rules Governing Section 2254 Cases. I found that petitioner's Fourth Amendment claims (Claims 1, 2 and 3) were barred by Stone v. Powell, 428 U.S. 465 (1976), insofar as petitioner did not allege that he had been denied a full and fair opportunity to litigate his Fourth Amendment claims in state court. Accordingly, I dismissed those claims with prejudice.

With respect to Claims 4, 5 and 6, I ordered respondent to file an answer no later than 30 days after the service of the petition upon him. In addition, I authorized respondent to file a motion to dismiss before filing an answer.

> If the state chooses to file only a motion to dismiss within its 30-day deadline, it does not waive its right to file a substantive response later, if its motion is denied in whole or in part. In that situation, the court would set up a new calendar for submissions from both sides.

On January 18, 2008, respondent opted to file a motion to dismiss. On January 31, 2008, petitioner filed a motion seeking permission to dismiss voluntarily all six claims of the petition so that he could exhaust his state court remedies pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. That motion is presently before the court.

2

The motion will be granted. Fed. R. Civ. P. 41(a)(1) allows a plaintiff to dismiss an action without prejudice and without an order of the court by filing

> (i) a notice of dismissal before the opposing party serves either an answer or motion for summary judgment; or

> (ii) a stipulation of dismissal signed by all parties who have appeared.

Because the Rules Governing Section 2254 Cases do not include a rule governing voluntary dismissals of habeas corpus petitions, Rule 41 applies to plaintiff's request. Fed. R. Civ. P. 81(a)(2) (Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that the practice in such proceedings is not set forth in the statutes of the United States [or] the Rules Governing Section 2254 Cases. . . ."); Garrett v. United States, 178 F.3d 940 (7th Cir. 1999) (assuming that Rule 41 applies to habeas corpus actions).

At the time plaintiff filed his motion for voluntary dismissal, respondent had not yet filed an answer, having opted instead to file only a motion to dismiss. A notice of dismissal properly filed under Rule 41(a)(1)(i) terminates an action on the date it is filed if the time requirements set forth in subsection (i) are met. Winterland Concessions Co. v. Smith, 706 F.2d 793 (7th Cir. 1983) (citing Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir. 1972)). The time requirements of subsection (i) were met in this case. Accordingly, petitioner's motion for voluntary dismissal must be granted. Accord Magritz v. Morgan, 06-C-590-C, Order, Dec. 19, 2006, dkt. #20 ( notice of voluntary dismissal filed

3

by habeas petitioner valid when filed after respondent had filed motion to dismiss but before respondent had answered petition).

I note that in the December 17, 2007 order, I dismissed *sua sponte* Claims 1 through 3 with prejudice, finding that those claims were barred by Stone. To ensure that petitioner does not run afoul of the rule against successive petitions in the event he files a new habeas petition after exhausting his state court remedies, I will rescind that portion of the order and reinstate the claims. The petition shall then be dismissed without prejudice in its entirety.

Finally, I note that petitioner does not appear to be placing his right to federal review in jeopardy by dismissing his claims. His judgment of conviction did not become final until October 15, 2007, so he has substantial time remaining on his one-year limitations period. 28 U.S.C. § 2244(d)(1)(A). Given the tolling provision of § 2244(d)(2), it should be relatively easy for petitioner to exhaust his state court remedies and then return to federal court with his perfected petition before the limitations period expires. Accordingly, it is unnecessary to consider whether this case ought to be stayed while petitioner exhausts his state court remedies. See Rhines v. Weber, 544 U.S. 269, 278 (2005) (discussing when stay appropriate).

ORDER

IT IS ORDERED that:

1. The portion of the December 18, 2007 order dismissing Claims 1, 2 and 3 of the petition is RESCINDED. Those claims are REINSTATED.

2. The motion of petitioner Ronald Lane for voluntary dismissal of his petition is GRANTED. The entire petition is DISMISSED WITHOUT PREJUDICE. The clerk of court is directed to close this case.

Entered this 8th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge